UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

MASSACHUSETTS BAY INSURANCE COMPANY,

     Plaintiff,                        Case No:

vs.

CHRISTIAN FUNERAL DIRECTORS, INC.; JOE
JOHNSON, CLEMENTE BUTTS, JEANNIE WILBURN,
RODNEY FIELDS, NORMAN GROVE, LAQUITA
JONES, JACQUELYN BONDS, DANECIA EDWARDS,
ERICA WILLIAMS, ELIJAH PARTEE, ELLA STEWART,
JIMMIE H. STEVENS, JR., VICKIE STEVENS, AARON
BRIGHT, REGINA SIMMONS, YANCIE MCCRUISTON,
OTTO DAVIS, SR., ANNICE CROWDER, MICHAEL
JAMES, REBECCA WILLIAMS, WILLINE FINLEY,
JOSEPH HAYES, SANDRA WRIGHT, ETTA RICKMAN,
JAMES ALLEN, JR., ERIC ALLEN, TAMARERA
KELLY-MALONE, NITA FOREMAN, IRMA BUTLER,
TANYA ROBINSON, LINDA SARGENT, IVEZEEN
JACKSON CRAWFORN, HELEN YOUNG, ERNEST
TAYLOR, JR., KASHIF MCCRACKEN, LINDA
VALENTINE BENSON, LESTER VALENTINE, JR.,
FREDDIE VALENTINE, LAVITTA VALENTINE,
BELINDA MERRIWEATHER, TAVIS JONES, BRENDA
VALENTINE, LAWANDA BOSWELL, MACK
VALENTINE, LISA SMITH, ANDRE ALEXANDER,
TRENA BOLTON, DWIGHT ALEXANDER, WILLIE
MAE HENRY, JOE MORROW, BERNICE MORROW,
ANITA PARKER, TORY SHEPHERD, WILLIE BROOKS,
GARY BROOKS, DOROTHY JAMES, TOMEKE MICKENS,
FAITH EVANS, KEVIN HARPER, JASON TUCKER,
VERNADA TUCKER, SHUNTERRI JONES, KILYUS
PATTERSON, STARNITRA PATTERSON, KENYATTA
PATTERSON, DIANN CRITE, DEBRA PENDLETON,
GERALDINE COLLINS, JOHN K. EVAN, WILL MAE
JONES LONG, LOUIS LONG, JR., IVORY SHARROD,
SHIRLEY WILLIAMS, AUDREY CLARK, JANICE LOWE,
FREDERICK WALKER, JANEL WILLIAMS, JANE
HENDERSON, ROSIE HENDERSON, RUBESTA TAYLOR,
EBONY COOK, NATHANIEL DEAN, ROSEMARY
DENTON, TRANELL GIPSON, WILLIE MAE BUTTS,

EUNICE PHILLIPS, CHRISTOPHER ARNOLD, BELINDA
GRADY, SYLVIA GARNER, SHERICA BONNER, WILLY
WELLS, JR., BETTY SMITH, ROSIE MILLER, WILLIAM
COBBS, TRINA WALLACE, ANNETTE FRANKLIN, LINDA
DAVIS, JAMES JEAN, LILLIAN SMITH, DEVIN BROOK,
MELVIN EASLEY, TONI TAYLOR, SHIRLEY TAYLOR,
NIKESHA GORDON, DELORES MOSS, PATRICK PAYNE,
JANET ALEXANDER, GLENN ALEXANDER, TRACEY
HOLMES, YOLANDA M. HERRING, ROBERT HERRING, JR.,
BOBBIE JEAN JOHNSON, BETTY REED, CEDRIC KEARNEY,
ALRENZO ROBINSON, BINTON BARNES, QUINNIE BURKES
LARRY WHITELOW, GREGORY JOHNSON, LAWANDA
ALEXANDER, MONROE ALEXANDER, EVERETTE
ALEXANDER, JOHN LANE, LILLIAN SMITH, CARL BLACK,
RISONIA BLACK, DEBRA ALLEN, ALISHA BELL, TERESA
ROBINSON, FARLISHA BRATCHER, MARQUITA BROWNLEE,
LINDER CAIN, LANTREKE T. CHAMBERS, L.C. CANNON,
RALPH RAY CROSS, CHERYL CROSS, TAJUANA DAVISON,
JOHNNIE L. DAVIS, DEVORNIA FLYNN, WILLIE HAILEY,
DEANDRE HAILEY, AISHA HIGGINS, MONISHA HIGGINS,
BESSIE L. FRANKLIN, MELISSA KING LESURE, SYLVIA
HARRIS, CYNTHIA HILL, ROOSEVELT HODGE, ANGELIQUE
JOHNSON, RODNEY CARPENTER, YULL CARPENTER,
IZELIA KING, ETHEAL LEWIS, WESLEY MOORE, CINDY
RECTOR, CARLA MOTEN, ANNETTE REED, RONRICO REED,
ANNIE REMBLE, DONAL STARKS, JACQUELINE GARRETT,
GLENN STARKS, EDDIE STARKS, BRANDI NEELY STEVENSON,
BRIENNA NEELY, LINDA WALLACE, DANIEL WALLACE,
TERRY WALLACE, MARGARET DOWELL, CIARA YOUNG,
LU BIRDIA YOUNG, RACHEAL WILLIAMS, VERA MILTON,
JEFFREY LAVON TURNER, AMON ANDERSON, CURTIS
WILSON, JR., ANDRES PILCHER, SHARON PILCHER,
CHALAUNDRA COLEMAN, AVE MARIE KIMBLE and
ANTOINE HAWKINS, for themselves and all others similarly situated,

     Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

     Massachusetts Bay Insurance Company ("Massachusetts Bay"), by counsel, and for its

complaint for declaratory judgment and other relief against defendants Christian Funeral

Directors, Inc. ("Christian Funeral Directors"), Joe Johnson, Clemente Butts, Jeannie Wilburn,

Rodney Fields, Norman Grove, Laquita Jones, Jacquelyn Bonds, Danecia Edwards, Erica Williams, Elijah Partee, Ella Stewart, Jimmie H. Stevens, Jr., Vicki Stevens, Aaron Bright, Regina Simmons, Yancie McCruiston, Otis Davis, Sr., Annice Crowder, Michael James, Rebecca Williams, Willine Finley, Joseph Hayes, Sandra Wright, Etta Rickman, James Allen, Jr., Eric Allen, Tamarera Kelly-Malone, Nita Foreman, Irma Butler, Tanya Robinson, Linda Sargent, Ivezeen Jackson Crawford, Helen Young, Earnest Taylor, Jr., Kashif McCracken, Linda Valentine Benson, Lester Valentine, Jr., Freddie Valentine, Lavitta Valentine, Leslie Valentine Smith, Rickie Valentine, Walter Valentine, Gregory Valentine, Belinda Merriweather, Tavis Jones, Brenda Valentine, Lawanda Boswell, Mack Valentine, Lisa Smith, Andre Alexander, Trena Bolton, Dwight Alexander, Willie Mae Henry, Joe Morrow, Bernie Morrow, Anita Parker, Tory Shepherd, Willie Brooks, Gary Brooks, Dorothy James, Tomeke Mickens, Faith Evans, Kevin Harper, Jason Tucker, Vernada Tucker, Shunterri Jones, Kilyus Patterson, Starnitra Patterson, Kenyatta Patterson, Diann Crite, Debra Pendleton, Geraldine Collins, John K. Evans, Willie Mae Jones Long, Louis Long, Jr., Ivory Sharrod, Shirley Williams, Audrey Clark, Janice Lowe, Frederick Walker, Janel Williams, Jane Henderson, Rosie Henderson, Rubesta Taylor, Ebony Cook, Nathaniel Dean, Rosemary Denton, Tranell Gipson, Willie Mae Butts, Eunice Phillips, Christopher Arnold, Belinda Grady, Sylvia Garner, Sherica Bonner, Willie Wells, Jr., Betty Smith, Rosie Miller, William Cobbs, Trina Wallace, Annette Franklin, Linda Davis, James Jean, Lillian Smith, Devin Brook, Melvin Easley, Toni Taylor, Shirley Taylor, Nikesha Gordon, Delores Moss, Patrick Payne, Janet Alexander, Glenn Alexander, Tracey Holmes, Yoland M. Herring, Robert Herring, Jr., Bobbie Jean Johnson, Betty Reed, Cedric Kearney, Alrenzo Robinson, Binton Barnes, Larry Whitelow, Gregory Johnson, Lawanda Alexander, Monroe Alexander, Everette Alexander, John Lane, Lillian Smith, Carl Black, Risonia Black, Debra

3

Allen, Alisha Bell, Teresa Robinson, Farlisha Bratcher, Marquita Brownlee, Linder Cain, Lantreke T. Chambers, L.C. Cannon, Ralph Ray Cross, Cheryl Cross, Tajuana Davison, Johnnie L. Davis, Devornia Flynn, Willie Hailey, DeAndre Hailey, Aisha Higgins, Monisha Higgins, Bessie L. Franklin, Melissa King Lesure, Sylvia Harris, Cynthia Hill, Roosevelt Hodge, Angelique Johnson, Rodney Carpenter, Yull Carpenter, Izelia King, Etheal Lewis, Wesley Moore, Cindy Rector, Carla Moten, Annette Reed, Ronrico Reed, Annie Remble, Donald Starks, Jacqueline Garrett, Glenn Starks, Eddie Starks, Brandi Neely Stevenson, Brieanna Neely, Linda Wallace, Daniel Wallace, Terry Wallace, Margaret Dowell, Ciara Young, Lue Birdia Young, Racheal Williams, Vera Milton, Jeffrey Lavon Turner, Amos Anderson, Curtis Wilson, Jr., Andres Pilcher Sharon Pilcher, Chalaundra Coleman, Ave Marie Kimble and Antoine Hawkins, for themselves and all others similarly situated, states as follows:

## THE PARTIES

1.      Plaintiff Massachusetts Bay is a Massachusetts corporation with its principal place of business in Massachusetts, and it is a citizen of Massachusetts.

2.      Upon information and belief, defendant Christian Funeral Directors is a Tennessee corporation, with its principal place of business in Tennessee, it conducted business in Tennessee, and it is a citizen of Tennessee.

3.      Upon information and belief, defendant Joe Johnson is an individual residing and domiciled in Tennessee.

4.      Upon information and belief, defendant Clemente Butts is an individual residing and domiciled in Tennessee.

5.      Upon information and belief, defendant Jeannie Wilburn is an individual residing and domiciled in Tennessee.

4

6.      Upon information and belief, defendant Rodney Fields is an individual residing and domiciled in Tennessee.

7.      Upon information and belief, defendant Norman Grove is an individual residing and domiciled in Tennessee.

8.      Upon information and belief, defendant Laquita Jones is an individual residing and domiciled in Tennessee.

9.      Upon information and belief, defendant Jacquelyn Bonds is an individual residing and domiciled in Tennessee.

10.      Upon information and belief, defendant Danecia Edwards is an individual residing and domiciled in Tennessee.

11.      Upon information and belief, defendant Erica Williams is an individual residing and domiciled in Tennessee.

12.      Upon information and belief, defendant Elijah Partee is an individual residing and domiciled in Tennessee.

13.      Upon information and belief, defendant Ella Stewart is an individual residing and domiciled in Tennessee.

14.      Upon information and belief, defendant Jimmie H. Stevens is an individual residing and domiciled in Tennessee.

15.      Upon information and belief, defendant Vickie Stevens is an individual residing and domiciled in Tennessee.

16.      Upon information and belief, defendant Aaron Bright is an individual residing and domiciled in Tennessee.

17.     Upon information and belief, defendant Regina Simmons is an individual residing and domiciled in Tennessee.

18.     Upon information and belief, defendant Yancie McCruiston is an individual residing and domiciled in Tennessee.

19.     Upon information and belief, defendant Otis Davis, Sr. is an individual residing and domiciled in Tennessee.

20.     Upon information and belief, defendant Annice Crowder is an individual residing and domiciled in North Carolina.

21.     Upon information and belief, defendant Michael James is an individual residing and domiciled in Tennessee.

22.     Upon information and belief, defendant Rebecca Williams is an individual residing and domiciled in Tennessee.

23.     Upon information and belief, defendant Willine Finley is an individual residing and domiciled in Tennessee.

24.     Upon information and belief, defendant Joseph Hayes is an individual residing and domiciled in Tennessee.

25.     Upon information and belief, defendant Sandra Wright is an individual residing and domiciled in Tennessee.

26.     Upon information and belief, defendant Etta Rickman is an individual residing and domiciled in Tennessee.

27.     Upon information and belief, defendant James Allen, Jr. is an individual residing and domiciled in Tennessee.

28.     Upon information and belief, defendant Eric Allen is an individual residing and domiciled in Tennessee.

29.     Upon information and belief, defendant Tamarera Kelly-Malone is an individual residing and domiciled in Tennessee.

30.     Upon information and belief, defendant Nita Foreman is an individual residing and domiciled in Tennessee.

31.     Upon information and belief, defendant Irma Butler is an individual residing and domiciled in Tennessee.

32.     Upon information and belief, defendant Tanya Robinson is an individual residing and domiciled in Tennessee.

33.     Upon information and belief, defendant Linda Sargent is an individual residing and domiciled in Tennessee.

34.     Upon information and belief, defendant Ivezeen Jackson Crawford is an individual residing and domiciled in Tennessee.

35.     Upon information and belief, defendant Helen Young is an individual residing and domiciled in Tennessee.

36.     Upon information and belief, defendant Earnest Taylor, Jr. is an individual residing and domiciled in Tennessee.

37.     Upon information and belief, defendant Kashif McCracken is an individual residing and domiciled in Tennessee.

38.     Upon information and belief, defendant Linda Valentine Benson is an individual residing and domiciled in Tennessee.

39.     Upon information and belief, defendant Lester Valentine, Jr. is an individual residing and domiciled in Tennessee.

40.     Upon information and belief, defendant Freddie Valentine is an individual residing and domiciled in Tennessee.

41.     Upon information and belief, defendant Lavitta Valentine is an individual residing and domiciled in Tennessee.

42.     Upon information and belief, defendant Leslie Valentine Smith is an individual residing and domiciled in Tennessee.

43.     Upon information and belief, defendant Rickie Valentine is an individual residing and domiciled in Tennessee.

44.     Upon information and belief, defendant Walter Valentine is an individual residing and domiciled in Tennessee.

45.     Upon information and belief, defendant Gregory Valentine is an individual residing and domiciled in Tennessee.

46.     Upon information and belief, defendant Belinda Merriweather is an individual residing and domiciled in Tennessee.

47.     Upon information and belief, defendant Tavis Jones is an individual residing and domiciled in Tennessee.

48.     Upon information and belief, defendant Brenda Valentine is an individual residing and domiciled in Tennessee.

49.     Upon information and belief, defendant Lawanda Boswell is an individual residing and domiciled in Virginia.

8

50.     Upon information and belief, defendant Mack Valentine is an individual residing and domiciled in Missouri.

51.     Upon information and belief, defendant Lisa Smith is an individual residing and domiciled in Tennessee.

52.     Upon information and belief, defendant Andre Alexander is an individual residing and domiciled in Tennessee.

53.     Upon information and belief, defendant Trena Bolton is an individual residing and domiciled in Tennessee.

54.     Upon information and belief, defendant Dwight Alexander is an individual residing and domiciled in Tennessee.

55.     Upon information and belief, defendant Willie Mae Henry is an individual residing and domiciled in Tennessee.

56.     Upon information and belief, defendant Joe Morrow is an individual residing and domiciled in Tennessee.

57.     Upon information and belief, defendant Bernice Morrow is an individual residing and domiciled in Tennessee.

58.     Upon information and belief, defendant Anita Parker is an individual residing and domiciled in Tennessee.

59.     Upon information and belief, defendant Tory Shepherd is an individual residing and domiciled in Tennessee.

60.     Upon information and belief, defendant Willie Brooks is an individual residing and domiciled in Tennessee.

61.     Upon information and belief, defendant Gary Brooks is an individual residing and domiciled in Tennessee.

62.     Upon information and belief, defendant Dorothy James is an individual residing and domiciled in Tennessee.

63.     Upon information and belief, defendant Tomeke Mickens is an individual residing and domiciled in Tennessee.

64.     Upon information and belief, defendant Faith Evans is an individual residing and domiciled in Texas.

65.     Upon information and belief, defendant Kevin Harper is an individual residing and domiciled in Texas.

66.     Upon information and belief, defendant Jason Tucker is an individual residing and domiciled in Tennessee.

67.     Upon information and belief, defendant Vernada Tucker is an individual residing and domiciled in Texas.

68.     Upon information and belief, defendant Shunterri Jones is an individual residing and domiciled in Tennessee.

69.     Upon information and belief, defendant Kilyus Patterson is an individual residing and domiciled in Tennessee.

70.     Upon information and belief, defendant Starnitra Patterson is an individual residing and domiciled in Tennessee.

71.     Upon information and belief, defendant Kenyatta Patterson is an individual residing and domiciled in Tennessee.

72.     Upon information and belief, defendant Diann Crite is an individual residing and domiciled in Texas.

73.     Upon information and belief, defendant Debra Pendleton is an individual residing and domiciled in Tennessee.

74.     Upon information and belief, defendant Geraldine Collins is an individual residing and domiciled in Tennessee.

75.     Upon information and belief, defendant John K. Evans is an individual residing and domiciled in Tennessee.

76.     Upon information and belief, defendant Willie Mae Jones Long is an individual residing and domiciled in Tennessee.

77.     Upon information and belief, defendant Louis Long, Jr. is an individual residing and domiciled in Colorado.

78.     Upon information and belief, defendant Ivory Sharrod is an individual residing and domiciled in Tennessee.

79.     Upon information and belief, defendant Shirley Williams is an individual residing and domiciled in Tennessee.

80.     Upon information and belief, defendant Audrey Clark is an individual residing and domiciled in Tennessee.

81.     Upon information and belief, defendant Janice Lowe is an individual residing and domiciled in Tennessee.

82.     Upon information and belief, defendant Fredrick Walker is an individual residing and domiciled in Tennessee.

83.     Upon information and belief, defendant Janel Williams is an individual residing and domiciled in Tennessee.

84.     Upon information and belief, defendant Jane Henderson is an individual residing and domiciled in Tennessee.

85.     Upon information and belief, defendant Rosie Henderson is an individual residing and domiciled in Tennessee.

86.     Upon information and belief, defendant Rubesta Taylor is an individual residing and domiciled in Tennessee.

87.     Upon information and belief, defendant Ebony Cook is an individual residing and domiciled in Tennessee.

88.     Upon information and belief, defendant Nathaniel Dean is an individual residing and domiciled in New York.

89.     Upon information and belief, defendant Rosemary Denton is an individual residing and domiciled in Tennessee.

90.     Upon information and belief, defendant Tranell Gipson is an individual residing and domiciled in Tennessee.

91.     Upon information and belief, defendant Willie Mae Butts is an individual residing and domiciled in Tennessee.

92.     Upon information and belief, defendant Eunice Phillips is an individual residing and domiciled in Tennessee.

93.     Upon information and belief, defendant Christopher Arnold is an individual residing and domiciled in Tennessee.

94.    Upon information and belief, defendant Belinda Grady is an individual residing and domiciled in Tennessee.

95.    Upon information and belief, defendant Sylvia Garner is an individual residing and domiciled in Tennessee.

96.    Upon information and belief, defendant Sherica Bonner is an individual residing and domiciled in Tennessee.

97.    Upon information and belief, defendant Willie Wells, Jr. is an individual residing and domiciled in Tennessee.

98.    Upon information and belief, defendant Betty Smith is an individual residing and domiciled in Tennessee.

99.    Upon information and belief, defendant Rosie Miller is an individual residing and domiciled in Tennessee.

100.    Upon information and belief, defendant William Cobbs is an individual residing and domiciled in Tennessee.

101.    Upon information and belief, defendant Trina Wallace is an individual residing and domiciled in Tennessee.

102.    Upon information and belief, defendant Annette Franklin is an individual residing and domiciled in Tennessee.

103.    Upon information and belief, defendant Linda Davis is an individual residing and domiciled in Tennessee.

104.    Upon information and belief, defendant James Jean is an individual residing and domiciled in Tennessee.

105.     Upon information and belief, defendant Lillian Smith is an individual residing and domiciled in Tennessee.

106.     Upon information and belief, defendant Devin Brook is an individual residing and domiciled in Tennessee.

107.     Upon information and belief, defendant Melvin Easley is an individual residing and domiciled in Tennessee.

108.     Upon information and belief, defendant Toni Taylor is an individual residing and domiciled in Tennessee.

109.     Upon information and belief, defendant Shirley Taylor is an individual residing and domiciled in Tennessee.

110.     Upon information and belief, defendant Nikesha Gordon is an individual residing and domiciled in Tennessee.

111.     Upon information and belief, defendant Delores Moss is an individual residing and domiciled in Tennessee.

112.     Upon information and belief, defendant Patrick Payne is an individual residing and domiciled in Tennessee.

113.     Upon information and belief, defendant Janet Alexander is an individual residing and domiciled in Tennessee.

114.     Upon information and belief, defendant Glenn Alexander is an individual residing and domiciled in Tennessee.

115.     Upon information and belief, defendant Tracey Holmes is an individual residing and domiciled in Tennessee.

116. Upon information and belief, defendant Yolanda M. Herring is an individual residing and domiciled in Tennessee.

117. Upon information and belief, defendant Robert Herring, Jr. is an individual residing and domiciled in Tennessee.

118. Upon information and belief, defendant Bobbie Jean Johnson is an individual residing and domiciled in Tennessee.

119. Upon information and belief, defendant Betty Reed is an individual residing and domiciled in Tennessee.

120. Upon information and belief, defendant Cedric Kearney is an individual residing and domiciled in Tennessee.

121. Upon information and belief, defendant Alrenzo Robinson is an individual residing and domiciled in Tennessee.

122. Upon information and belief, defendant Binton Barnes is an individual residing and domiciled in Tennessee.

123. Upon information and belief, defendant Quinnie Burks is an individual residing and domiciled in Tennessee.

124. Upon information and belief, defendant Larry Whitelow is an individual residing and domiciled in Tennessee.

125. Upon information and belief, defendant Gregory Johnson is an individual residing and domiciled in Tennessee.

126. Upon information and belief, defendant Lawanda Alexander is an individual residing and domiciled in Tennessee.

127.     Upon information and belief, defendant Monroe Alexander is an individual residing and domiciled in Tennessee.

128.     Upon information and belief, defendant Everette Alexander is an individual residing and domiciled in Tennessee.

129.     Upon information and belief, defendant John Lane is an individual residing and domiciled in Tennessee.

130.     Upon information and belief, defendant Lillian Smith is an individual residing and domiciled in Tennessee.

131.     Upon information and belief, defendant Carl Black is an individual residing and domiciled in Tennessee.

132.     Upon information and belief, defendant Risonia Black is an individual residing and domiciled in Tennessee.

133.     Upon information and belief, defendant Debra Allen is an individual residing and domiciled in Tennessee.

134.     Upon information and belief, defendant Alisha Bell is an individual residing and domiciled in Tennessee.

135.     Upon information and belief, defendant Teresa Robinson is an individual residing and domiciled in Tennessee.

136.     Upon information and belief, defendant Farlisha Bratcher is an individual residing and domiciled in Tennessee.

137.     Upon information and belief, defendant Marquita Brownlee is an individual residing and domiciled in Tennessee.

138.   Upon information and belief, defendant Linder Cain is an individual residing and domiciled in Tennessee.

139.   Upon information and belief, defendant Lantreke T. Chambers is an individual residing and domiciled in Tennessee.

140.   Upon information and belief, defendant L.C. Cannon is an individual residing and domiciled in Tennessee.

141.   Upon information and belief, defendant Ralph Ray Cross is an individual residing and domiciled in Tennessee.

142.   Upon information and belief, defendant Cheryl Cross is an individual residing and domiciled in Tennessee.

143.   Upon information and belief, defendant Tajuana Davison is an individual residing and domiciled in Tennessee.

144.   Upon information and belief, defendant Johnnie L. Davis is an individual residing and domiciled in Tennessee.

145.   Upon information and belief, defendant Devornia Flynn is an individual residing and domiciled in Tennessee.

146.   Upon information and belief, defendant Willie Hailey is an individual residing and domiciled in Tennessee.

147.   Upon information and belief, defendant DeAndre Hailey is an individual residing and domiciled in Tennessee.

148.   Upon information and belief, defendant Aisha Higgins is an individual residing and domiciled in Tennessee.

149.    Upon information and belief, defendant Monisha Higgins is an individual residing and domiciled in Tennessee.

150.    Upon information and belief, defendant Bessie L. Franklin is an individual residing and domiciled in Tennessee.

151.    Upon information and belief, defendant Melissa King Lesure is an individual residing and domiciled in Tennessee.

152.    Upon information and belief, defendant Sylvia Harris is an individual residing and domiciled in Tennessee.

153.    Upon information and belief, defendant Cynthia Harris is an individual residing and domiciled in Tennessee.

154.    Upon information and belief, defendant Roosevelt Hodge is an individual residing and domiciled in Tennessee.

155.    Upon information and belief, defendant Angelique Johnson is an individual residing and domiciled in Tennessee.

156.    Upon information and belief, defendant Rodney Carpenter is an individual residing and domiciled in Tennessee.

157.    Upon information and belief, defendant Yull Carpenter is an individual residing and domiciled in Tennessee.

158.    Upon information and belief, defendant Izelia King is an individual residing and domiciled in Tennessee.

159.    Upon information and belief, defendant Etheal Lewis is an individual residing and domiciled in Tennessee.

160.    Upon information and belief, defendant Wesley Moore is an individual residing and domiciled in Tennessee.

161.    Upon information and belief, defendant Cindy Rector is an individual residing and domiciled in Tennessee.

162.    Upon information and belief, defendant Carla Moten is an individual residing and domiciled in Tennessee.

163.    Upon information and belief, defendant Annette Reed is an individual residing and domiciled in Tennessee.

164.    Upon information and belief, defendant Ronrico Reed is an individual residing and domiciled in Tennessee.

165.    Upon information and belief, defendant Annie Remble is an individual residing and domiciled in Tennessee.

166.    Upon information and belief, defendant Donald Starks is an individual residing and domiciled in Tennessee.

167.    Upon information and belief, defendant Jacqueline Garrett is an individual residing and domiciled in Tennessee.

168.    Upon information and belief, defendant Glenn Starks is an individual residing and domiciled in Tennessee.

169.    Upon information and belief, defendant Eddie Starks is an individual residing and domiciled in Tennessee.

170.    Upon information and belief, defendant Brandi Neely Stevenson is an individual residing and domiciled in Tennessee.

19

171.    Upon information and belief, defendant Brienna Neely is an individual residing and domiciled in Tennessee.

172.    Upon information and belief, defendant Linda Wallace is an individual residing and domiciled in Tennessee.

173.    Upon information and belief, defendant Daniel Wallace is an individual residing and domiciled in Tennessee.

174.    Upon information and belief, defendant Terry Wallace is an individual residing and domiciled in Tennessee.

175.    Upon information and belief, defendant Margaret Dowell is an individual residing and domiciled in Tennessee.

176.    Upon information and belief, defendant Ciara Young is an individual residing and domiciled in Tennessee.

177.    Upon information and belief, defendant Lue Birdia Young is an individual residing and domiciled in Tennessee.

178.    Upon information and belief, defendant Racheal Williams is an individual residing and domiciled in Georgia.

179.    Upon information and belief, defendant Vera Milton is an individual residing and domiciled in Tennessee.

180.    Upon information and belief, defendant Jeffrey Lavon Turner is an individual residing and domiciled in Tennessee.

181.    Upon information and belief, defendant Amos Anderson is an individual residing and domiciled in Tennessee.

182.    Upon information and belief, defendant Curtis Wilson, Jr. is an individual residing and domiciled in Tennessee.

183.    Upon information and belief, defendant Andres Pilcher is an individual residing and domiciled in Tennessee.

184.    Upon information and belief, defendant Sharon Pilcher is an individual residing and domiciled in Tennessee.

185.    Upon information and belief, defendant Chalaundra Coleman is an individual residing and domiciled in Tennessee.

186.    Upon information and belief, defendant Ave Marie Kimble is an individual residing and domiciled in Tennessee.

187.    Upon information and belief, defendant Antoine Hawkins is an individual residing and domiciled in Tennessee.

188.    Massachusetts Bay has named as defendants all identified underlying plaintiffs, including the proposed class representatives, with claims against Christian Funeral Directors. Massachusetts Bay asks this Court to make its determination in this action binding on all certified classes (whether currently certified or which are certified in the future) in the below-referenced underlying actions, based upon their class representatives' (or proposed class representatives') status as a defendant in this action.

## JURISIDICTION AND VENUE

189.    This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship (28 U.S.C. § 1332). The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

190.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claim took place in this District.

191.     This declaratory judgment action pertains to an actual controversy over potential insurance coverage under a BusinessOwners Insurance Policy (No. ODY-5054806) issued by Massachusetts Bay to Christian Funeral Directors for successive policy periods from February 18, 2010 to February 18, 2013. The policies' coverage forms include the: BusinessOwners Coverage Form (391-1003 (06/09)); Funeral Directors Professional Liability endorsement (BP0802 (07/02)); and BOP Liability Special Broadening Endorsement (391-1006 (06/09)). Copies of the 2010-2011, 2011-2012 and 2012-2013 policies are attached as Exs. A-C, respectively.

192.     Massachusetts Bay asks the Court to judicially declare that the Massachusetts Bay policies provide no coverage for, and that Massachusetts Bay has no duty to defend or indemnify in connection with, the below-referenced underlying actions.

## STATE OF TENNESSEE RECEIVERSHIP ACTION

193.     On January 24, 2014, the State of Tennessee filed a Petition for the Appointment of the Commissioner as Receiver for Galilee Memorial Gardens (a cemetery) ("Galilee") (Davidson County District Court, Case No. 14-102-II) (the "Petition").

194.     In the Petition, the State asserted that Jesse Lambert purchased and began operating Galilee in February 1993, and that Galilee maintained a valid certificate of registration from February 1993 through December 31, 2010.

195.     The State asserted that Jesse Lambert died in May 2010, with ownership of Galilee passing to his three children, and that those children operated Galilee without a valid certificate of registration from December 31, 2010 through January 2014.

196.    The State asserted that based on available information, all available burial sites had been taken by 2010, but that Galilee continued to sell burial plots on an at-need basis from 2010 through late 2013.

197.    The State asserted that during that time period, Galilee improperly buried bodies by placing two or more bodies in the same grave and by placing graves in such close proximity that Galilee damaged caskets when it dug new graves alongside existing graves. The State also asserted that Galilee buried bodies on adjoining property owned by a third party.

198.    The State asserted that, in 2013, at least one family member who came to visit the grave of a loved one was unable to locate that grave and that, as of January 2014, the grave had not been located.

199.    The Court granted the Petition, entered a Temporary Restraining Order on January 24, 2014, and entered an order appointing the Commissioner as Receiver for Galilee, on February 21, 2014.

## THE UNDERLYING ACTIONS

### Johnson

200.    On December 18, 2013, an underlying plaintiff filed a Complaint for Personal Injuries, Breach of Contract, Fraud, Negligence, Misrepresentation and Outrageous Conduct, captioned: *Joe Johnson et al. v. Jemar Lambert et al.* (Shelby County District Court, Case No. CT-5408-13) ("*Johnson*").

201.    In *Johnson*, the underlying plaintiff alleged that on April 24, 2013, he contracted with Christian Funeral Directors for funeral services for his daughter, Renisha Johnson, that he subsequently selected a burial plot at Galilee, and that the family held the funeral service on May 2, 2013.

202.     Plaintiff alleged that in May, June and August 2013, family members visited Galilee, and Galilee's staff showed them to burial plots different from the one selected by plaintiff. Plaintiff alleged that in October 2013, Galilee advised that it knew where it buried the decedent and agreed to dis- and re-inter the body, which never happened.

203.     Plaintiff asserted that no one has yet been able to identify the decedent's burial site.

204.     Plaintiff asserted one claim against all defendants, including Christian Funeral Directors – acts and/or omissions, negligence, breach of contract, misrepresentation, fraud and outrageous conduct – and sought damages for emotional distress, psychological disorders and other damages, including but not limited to: depression, post-traumatic stress disorder, uncontrolled anger, sleeplessness and past and future medical expenses. Plaintiff also sought punitive damages.

## **Wofford**

205.     In April 2014, numerous underlying plaintiffs filed their Second Amended Class Action Complaint, captioned: *Akilah Louis Wofford et al. v. M.J. Edwards & Sons Funeral Home, Inc. et al.* (Shelby County District Court, Case No. CH-197-14) ("*Wofford*").

206.     Regarding Christian Funeral Directors, plaintiffs alleged that Joe Johnson is the surviving father of Renisha Johnson (died April 22, 2013), that Johnson made funeral arrangements with Christian Funeral Directors and that Christian Funeral Directors sent the decedent to Galilee for burial.

207.     Plaintiffs alleged that their claims arose, in part, from the actions of an unlicensed and/or uncertified cemetery (Galilee) that operated without a valid license, and that disinterred bodies without necessary court orders, stacked multiple caskets in single burial plots, crushed

24

caskets in order to fit more than one casket in single burial plots, misplaced or lost track of remains, and buried bodies without authorization on neighboring property.

208.    Plaintiffs alleged that the identified funeral homes (including Christian Funeral Directors) had a duty to bury human remains through a licensed and qualified cemetery and further had a contractual and legal responsibility to investigate and confirm that Galilee was lawfully and ethically performing the contracted-for services.

209.    Plaintiffs alleged that the funeral homes failed in their duties, because they contracted with Galilee (an unlicensed cemetery) for burials and because "as recent news events have detailed, numerous bodies have been moved, lost, stacked and/or crushed at either the site of Galilee, or placed illegally on property adjoining the Galilee cemetery."

210.    Plaintiffs sought class certification for an initial class of "Tennessee residents who contracted and paid for funeral services after December 31, 2010, where those services included burial in [Galilee]." Plaintiffs reserved their right to seek certification for a subclass of "persons who paid for proper funerals and who were damaged when the graves and remains of their loved ones were disturbed and damaged by the Defendants' unlawful and unethical conduct."

211.    Plaintiffs asserted seven counts: (1) breach of contract; (2) negligent misrepresentation; (3) intentional, reckless and negligent mishandling of bodies; (4) negligence; (5) recklessness; (6) negligence per se; and (7) punitive damages.

### Anderson

212.    On April 2, 2014, numerous underlying plaintiffs filed a First Amended Class Action Complaint, captioned: *Derrick Anderson et al. v. Galilee Memorial Gardens et al.* (Shelby County District Court, Case No. CT-873-14) ("*Anderson*").

213.    Regarding Christian Funeral Directors, plaintiffs alleged that the following made funeral arrangements with Christian Funeral Directors for the burial of their decedents at Galilee:

- Clemente Butts (Tommy L. Butts – died June 23, 2013);
- Jeannie Wilburn (Veronica Boyce – died January 27, 2013);
- Rodney Fields (Marjorie Fields – died March 7, 2012);
- Norman Grove (William Hilson – died January 29, 2013);
- Laquita Jones (James A. Jones – died March 8, 2011);
- Jacquelyn Bonds (Preston O'Neal – died January 1, 2011);
- Danecia Edwards (Marie Smith – died October 2, 2012).

214.    The complaint contains similar background allegations to *Wofford* and also seeks class certification.

215.    Plaintiffs asserted 11 counts: (1) breach of contract; (2) breach of fiduciary duty; (3) negligent misrepresentation; (4) negligence; (5) negligent entrustment; (6) intentional interference with a corpse; (7) negligent interference with a corpse; (8) acts of negligence and negligence per se; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; and (11) unjust enrichment.

## Williams

216.    On July 18, 2014, several underlying plaintiffs filed a Complaint for Money Damages, captioned *Erica Williams et al. v. Galilee Memorial Gardens et al.* (Shelby County Circuit Court, Case No. CT-3142-14) ("*Williams*").

217.    Regarding Christian Funeral Directors, plaintiffs alleged that Erica Williams and Elijah Partee made funeral arrangements with Christian Funeral Directors for the burial of their decedent (Deborah Michelle Williams – died February 24, 2013) at Galilee.

218.    The complaint contains similar background allegations to *Wofford*, and plaintiffs allege that they first became aware of defendants' alleged actions in January 2014.

219.    Plaintiffs asserted that Christian Funeral Directors: (1) knew or should have known that Galilee was operating without a proper license or registration; (2) failed to use ordinary care in discharging its duties to plaintiffs; (3) knew or should have known that Galilee could not provide its services adequately and ethically; (4) negligently entrusted decedents' remains to Galilee; (5) acted negligently toward plaintiffs; (6) violated Tennessee statutes for funeral directors and embalmers; (7) acted outrageously, intentionally and recklessly; (8) is vicariously liable for Galilee's actions; (9) employed unfair and deceptive business practices; (10) made misrepresentations to plaintiffs; (11) breached its contracts with plaintiffs; (12) knowingly accepted money for services that it knew were not being performed competently; and (13) acted with deliberate and/or reckless disregard for plaintiffs' rights.

### Stewart

220.    On November 4, 2014, the underlying plaintiff filed a Complaint for Damages, captioned *Ella Stewart v. Christian Funeral Directors, Inc.* (Shelby County Circuit Court, Case No. CT-4658-14) ("*Stewart*").

221.    Plaintiff asserted that she contracted with Christian Funeral Directors for the burial of her decedent (David Lee Stewart – died April 11, 2012) at Galilee.

222.    The complaint contains similar background allegations to *Wofford*.

223.    Plaintiff asserted 11 counts: (1) breach of contract; (2) breach of fiduciary duty; (3) negligent misrepresentation; (4) negligence; (5) negligent entrustment; (6) intentional interference with a corpse; (7) negligent interference with a corpse; (8) acts of negligence and negligence per se; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; and (11) unjust enrichment.

**Stevens**

224.    In January 2015, numerous underlying plaintiffs filed an Amended Class Action Complaint, captioned: *Jimmie H. Stevens et al. v. JM&M Services, Inc. et al.* (Shelby County District Court, Case Number CH-1772-14) ("*Stevens*").

225.    Regarding Christian Funeral Directors, plaintiffs alleged that the following made funeral arrangements with Christian Funeral Directors for the burial of their decedents at Galilee:

- Jimmie H. Stevens, Jr. and Vicki Stevens (Jimmie H. Stevens, Sr. – died July 23, 2012);
- Aaron Bright, Regina Simmons, Yancie McCruiston (Hattie Mae Simmons – died May 19, 2013);
- Otis Davis, Sr. (Katie M. Davis – died April 7, 2011);
- Annice Crowder (Calvin Crowder – died April 4, 2011);
- Michael James (Lillie Mae Powell – died July 7, 2013);
- Rebecca Williams, II – died October 12, 2012 and Maude D. Horton – died October 26, 2012);
- Willine Finley (Barbara Mobley – died July 20, 2013);
- Joseph Hayes and Sandra Wright (Emma Hayes – died April 25, 2011);
- Etta Rickman, James Allen, Jr. and Eric Allen (James Allen, Sr. – died December 25, 2012);
- Tamarera Kelly-Malone, Nita Foreman and Irma Butler (Juanita Scott – died December 14, 2012);
- Tanya Robinson and Linda Sargent (Jerry Robinson – died July 12, 2012);
- Ivezeen Jackson Crawford and Helen Young (Samuel E. Jackson – died May 18, 2013);
- Earnest Taylor, Jr. (Earnest Edward Taylor – died June 30, 2013);
- Kashif McCracken (Tyrone Alexander McCracken – died February 2, 2012);
- Linda Valentine Benson, Lester Valentine, Jr., Freddie Valentine, Lavitta Valentine, Leslie Valentine Smith, Rickie Valentine, Walter Valentine, Gregory Valentine, Belinda Merriweather, Tavis Jones, Brenda Valentine, Lawanda Boswell and Mack Valentine (Lester Valentine, Sr. – died March 25, 2011);
- Lisa Smith (Ida Mae Hughes – died December 2011);
- Andre Alexander, Trena Bolton and Dwight Alexander (Dorothy Thompson – died March 8, 2012);
- Willie Mae Henry (Andrew Henry – died January 27, 2013);
- Joe Morrow and Bernice Morrow (Willie Morrow – died April 28, 2013);
- Anita Parker (Ann Chambers – died April 17, 2013);
- Tory Shepherd (Debra Shepherd – died October 2012);

- Willie Brooks and Gary Brooks (Mary Ann Reed Brooks – died April 2, 2013);
- Dorothy James (Vera Mae Godwin – died February 15, 2011);
- Tomeke Mickens (Linda D. Smith – died April 11, 2013);
- Faith Evans (Georgia Mae Tatum – died January 4, 2013);
- Kevin Harper, Jason Tucker, Vernada Tucker (Sylvester Tucker, Jr. – died January 20, 2012);
- Shunterri Jones, Kilyus Patterson, Starnitra Patterson, Kenyatta Patterson, Diann Crite (Mary Patterson – died September 15, 2011);
- Debra Pendleton (Felisa Wilkins – died September 30, 2012);
- Geraldine Collins and John K. Evans (Edna Cole Riley – died April 8, 2011);
- Willie Mae Jones Long and Louis Long, Jr. (Louis Long – died January 6, 2011);
- Ivory Sharrod and Shirley Williams (Ivory Williams – died June 8, 2013);
- Shirley Williams (Julia Williams – died January 6, 2013);
- Audrey Clark and Janice Lowe (Cassie J. Brown – died December 19, 2012);
- Fredrick Walker and Janel Williams (Dorothy Bowles – died April 14, 2012);
- Jane Henderson and Rosie Henderson (Walter Henderson – died April 12, 2013);
- Rubesta Taylor (L.C. Taylor, Jr. – died August 2012);
- Ebony Cook, Nathaniel Dean and Rosemary Denton (Daniel Bridges – died October 17, 2011);
- Tranell Gipson (Alfreddie Gipson – died December 25, 2012);
- Willie Mae Butts (Tommy Lee Butts – died June 23, 2013);
- Eunice Phillips (Priscilla Phillips – died October 29, 2011);
- Christopher Arnold (Christopher Phillips – died December 26, 2010);
- Belinda Grady (Christine Grady – died June 27, 2013);
- Sylvia Garner (Mary Garner – died October 14, 2011);
- Sherica Bonner (Randy Bonner – died May 4, 2012);
- Willy Wells, Jr. and Betty Smith (Mary Alice Wells – died August 22, 2012);
- Rosie Miller (Robert Miller – died January 17, 2013);
- William Cobbs (Carrie Triplett – died September 25, 2011);
- Trina Wallace (James Carter, Jr. – died September 2012);
- Annette Franklin (Quadro Franklin – died January 23, 2012);
- Linda Davis (Thomas Suggs – died April 24, 2013);
- James Jean and Lillian Smith (Robin Jeans – died June 29, 2013);
- Sureka Smith and Lillian Smith (Dwayne Smith – died March 8, 2011);
- Devin Brook (Robert Stevenson – died December 11, 2012);
- Melvin Easley (Peggy Culbreath – died May 7, 2012);
- Toni Taylor (Joseph Bland Taylor, Jr. – died October 3, 2011);
- Shirley Taylor (Crystal Hill – died December 24, 2011);
- Nikesha Gordon (Carolyn A. Brown – died January 13, 2012);
- Delores Moss and Patrick Payne (Charlene Haymon – died April 6, 2012);

- Janet Alexander and Glenn Alexander (Marshall Earl Alexander – died December 8, 2012);
- Tracey Holmes, Yolanda M. Herring and Robert Herring, Jr. (Josephine Herring – died March 5, 2012);
- Bobbie Jean Johnson (Robbie Anderson – died June 14, 2012);
- Betty Reed (Rickey Dancy – died June 25, 2011);
- Cedric Kearney (Jimmy Kearney – died February 14, 2012);
- Alrenzo Robinson (Cathy Robinson – died May 23, 2012);
- Binton Barnes and Quinnie Burks (Patti Barnes – died October 6, 2011);
- Larry Whitelow (Gloria J. Whitelow – died March 18, 2011);
- Gregory Johnson, Lawanda Alexander, Monroe Alexander and Everette Alexander (Katherine Alexander – died August 27, 2011);
- John Lane (Ruth Lane – died September 29, 2011);
- Lillian Smith (Dwayne Smith – died March 8, 2011);
- Carl Black and Risonia Black (Matthew Black – died June 6, 2013);
- Debra Allen (Tommie Lee Allen, Sr. – died June 23, 2013);
- Alisha Bell (David Bell – died September 1, 2011);
- Teresa Robinson and Farlisha Bratcher (Elizabeth Bratcher – died October 30, 2012);
- Marquita Brownlee (Louis C. McCoy, Jr. – died April 3, 2012);
- Linder Cain and Lantreke T. Chambers (Tharon Cain – died May 7, 2013);
- L.C. Cannon (Ruby Jean Cannon – died August 25, 2011);
- Ralph Ray Cross and Cheryl Cross (Christopher R. Cross – died June 2, 2012);
- Tajuana Davison and Johnnie L. Davis (Yolanda Davison – died November 27, 2012);
- Devornia Flynn, Willie Hailey, DeAndre Hailey, Aisha Higgins and Monisha Higgins (L.Q. Hailey – died January 17, 2012);
- Bessie L. Franklin and Melissa King Lesure (Sidney Franklin – died January 9, 2013);
- Sylvia Harris (Shanna Harris Garrett – died July 28, 2012);
- Cynthia Hill (William Hill – died August 22, 2013);
- Roosevelt Hodge (Bernice Hickman – died March 17, 2011);
- Angelique Johnson (Peatron Lee O'Neal – died December 3, 2012);
- Angelique Johnson, Rodney Carpenter and Yull Carpenter (Barbara Carpenter – died June 3, 2013);
- Izelia King (Tommie L. Temple – died July 12, 2011);
- Etheal Lewis (Caldricka Banks – died July 13, 2013);
- Wesley Moore and Cindy Rector (Lori Taylor – died November 11, 2011);
- Carla Moten, Annette Reed, Ronrico Reed (Antoinette Reed – died February 18, 2013);
- Annette Reed and Ronrico Reed (Jessie Reed – died November 18, 2011);
- Annie Remble (Willie Boxson Lee – died July 19, 2013);

- Donald Starks, Jacqueline Garrett, Glenn Starks, Eddie Starks (Tony Starks – died December 2013);
- Brandi Neely Stevenson and Brieanna Neely (Richard Neely – died April 22, 2011);
- Linda Wallace, Daniel Wallace, Terry Wallace and Margaret Dowell (Percy Wallace – died January 18, 2012);
- Ciara Young and Lue Birdia Young (Curtis Lee Bonds – died June 10, 2013);
- Racheal Williams (Quienton Thomas – died July 29, 2011);
- Vera Milton (Robert Earl Milton – died November 19, 2012);
- Jeffrey Lavon Turner (Elmer Morris Pack – died August 19, 2011);
- Amos Anderson (John Holmes – died November 8, 2012);
- Curtis Wilson, Jr. (Curtis Wilson, III – died May 20, 2012);
- Andres Pilcher and Sharon Pilcher (Murry Lee Pilcher – died August 7, 2012);

226.   The complaint contains similar background allegations to *Wofford* and also seeks class certification.

227.   Plaintiffs asserted eight causes of action: (1) breach of contract; (2) equitable (injunctive and/or declaratory) relief; (3) breach of fiduciary duty; (4) reckless and negligent mishandling of remains; (5) negligence and reckless and negligent infliction of emotional distress; (6) unjust enrichment; (7) punitive damages; and (8) violation of the Tennessee Consumer Protection Act (asserted solely in the event class certification was denied).

## Coleman

228.   In June 2016, the underlying plaintiff file a Complaint for Damages, captioned *Chalaundra Coleman v. Galilee Memorial Gardens et al.* (Shelby County District Court, Case No. CT-2316-16) ("*Coleman*").

229.   Plaintiff asserted that she contracted with Christian Funeral Directors for the burial of her decedent (Diana Stitmon – died September 23, 2010) at Galilee.

230.   The complaint contains similar background allegations to *Wofford*, and plaintiff asserted that she first became aware of defendants' alleged actions in January 2014.

231.    Plaintiff asserted 10 counts: (1) breach of contract; (2) breach of fiduciary duty; (3) negligent misrepresentation; (4) negligence; (5) intentional interference with a corpse; (6) negligent interference with a corpse; (7) acts of negligence and negligence per se; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; and (11) unjust enrichment.

### Kimble

232.    In June 2016, several underlying plaintiffs filed a Complaint for Damages, captioned *Ave Maria Kimble et al. v. Galilee Memorial Gardens et al.* (Shelby County District Court, Case No. CT-2317-16) ("*Kimble*").

233.    Regarding Christian Funeral Directors, plaintiffs alleged that Ave Maria Kimble and Antoine Hawkins made funeral arrangements with Christian Funeral Directors for the burial of their decedent (Antonio Hawkins – died June 19, 2010) at Galilee.

234.    The complaint contains similar background allegations to *Wofford*, and plaintiffs asserted that they first became aware of defendants' alleged actions in January 2014.

235.    Plaintiff asserted 10 counts: (1) breach of contract; (2) breach of fiduciary duty; (3) negligent misrepresentation; (4) negligence; (5) intentional interference with a corpse; (6) negligent interference with a corpse; (7) acts of negligence and negligence per se; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; and (11) unjust enrichment.

### COUNT I

236.    Massachusetts Bay incorporates paragraphs 1 through 235 as though fully restated here.

237.    The Massachusetts Bay policies' BusinessOwners Coverage Form states:

SECTION II – LIABILITY

A. Coverages
   1. Business Liability
      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury", to which this insurance does not apply.
                        * * *
      b. This insurance applies:
         (1) To "bodily injury" and "property damage" only if:
            (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
            (b) The "bodily injury" or "property damage" occurs during the policy period;

238.    The policies' Funeral Directors Professional liability endorsement modifies the insuring agreement above as follows:

SECTION II – Liability is amended as follows:

A. For the insurance provided by this endorsement, all provisions under Paragraph A.1. Business Liability also apply to other injury.
B. Paragraph A. Coverages also applies to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render professional services in connection with the insured's business as a funeral director.
                        * * *
F. For the coverage provided by this endorsement, the definition of "occurrence" in Paragraph F. Liability And Medical Expenses Definitions is amended to include any act or omission arising out of the rendering of or failure to render professional services as a funeral director.

239.   The BusinessOwners Coverage Form (as modified by the BusinessOwners Liability Special Broadening Endorsement) defines "bodily injury," "occurrence," and "property damage" as follows:

4.   "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

14.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18.   "Property damage" means:

a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

240.   Prior to February 18, 2013, the individual defendants were not aware of the alleged mishandling of their decedents' remains.

241.   Massachusetts Bay issued insurance policies to Christian Funeral Directors for the policy periods February 18, 2010 to February 18, 2013. Accordingly, the Massachusetts Bay policies provide no coverage for and Massachusetts Bay has no duty to defend or indemnify in

connection with any claims in the underlying actions regarding decedents who died or were sent to Galilee after February 18, 2013, because any alleged injuries or damages did not occur during the Massachusetts Bay policy periods.

242.    Additionally, the Massachusetts Bay policies provide no coverage for and Massachusetts Bay has no duty to defend or indemnify in connection with any emotional distress or mental anguish claims, injuries or damages in the underlying actions, because all such claims, injuries and damages accrued after the end of Massachusetts Bay's final policy period and, accordingly, did not occur during the Massachusetts Bay policy periods.

## COUNT II

243.    Massachusetts Bay incorporates paragraphs 1 through 242 as though fully restated here.

244.    Even if coverage was initially available under the policies' insuring agreements, certain exclusions would apply to restrict or eliminate that coverage.

245.    **Expected or Intended Injury (a)** – the Massachusetts Bay policies bar coverage for:

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

246.    A number of the underlying actions allege that Christian Funeral Directors committed intentional acts, including claims for: intentional mishandling of bodies, intentional interference with a corpse and intentional infliction of emotional distress.

247.    The Massachusetts Bay policies provide no coverage for any "bodily injury" or "property damage" that was expected or intended from the standpoint of Christian Funeral Directors.

35

248.   **Contractual Liability Exclusion (b)** – as modified by the Funeral Directors Professional Liability endorsement, the Massachusetts Bay policies bar coverage for:

> "Bodily injury", "property damage", "personal and advertising injury" or other injury for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

249.   A number of the underlying actions allege breach of contract claims against Christian Funeral Directors.

250.   The Massachusetts Bay policies provide no coverage for any "bodily injury," "property damage," "personal and advertising injury" or other injury for which Christian Funeral Directors is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

251.   **Damage to Property Exclusion ((k)(4))** – as modified by the Funeral Directors Professional Liability endorsement, the Massachusetts Bay policies bar coverage for "property damage" to:

> (4) Personal property in the care, custody or control of the insured;
>
> [This exclusion] does not apply to "property damage" to dead bodies, any casket, urn or other container for a dead body or its cremated remains or the personal effects of a deceased person while in the care, custody or control of the insured, unless such "property damage" is caused by theft or hostile fire. As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

252.   The underlying actions seek unspecified damages in connection with Christian Funeral's alleged mishandling of their decedents' remains. Accordingly, the Massachusetts Bay policies provide no coverage to the extent this exclusion applies.

253.   **Damage to Your Product (l)** – the Massachusetts Bay policies also bar coverage for "'property damage' to 'your product' arising out of it or any part of it."

254.    The policies define "your product" as:

    a.  Means:
        (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
            (a) You;
            (b) Others trading under your name; or
            (c) A person or organization whose business or assets you have acquired; and
        (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
    b.  Includes:
        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
        (2) The providing of or failure to provide warnings or instructions.
    c.  Does not include vending machines or other property rented to or located for the use of others but not sold.

255.    The underlying actions seek unspecified damages in connection with Christian Funeral's alleged mishandling of their decedents' remains. Accordingly, the Massachusetts Bay policies provide no coverage for any alleged "property damage" to Christian Funeral's products arising out of them or any part of them.

256.    **Damage to Your Work (m)** – the Massachusetts Bay policies also bar coverage for:

    "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

257.    The policies define "products-completed operations hazard" and "your work" as:

    17. "Products-completed operations hazard":
        a.  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    (a) When all of the work called for in your contract has been completed.

    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    (c) When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

b. Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured; or

(2) The existence of tools, uninstalled equipment or abandoned or unused materials.

23. "Your work":

    a. Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b. Includes:

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        (2) The providing of or failure to provide warnings or instructions.

258.    The underlying plaintiffs asserted that they hired Christian Funeral Directors to provide funeral services, and they sought damages for Galilee's alleged mishandling of their decedents' remains after Christian Funeral had turned those remains over to Galilee. Accordingly, the Massachusetts Bay policies provide no coverage for "property damage" to Christian Funeral's work, arising out of it or any part of it.

259.    **Criminal Acts Exclusion** – the Massachusetts Bay policy bars coverage for:

> "Bodily injury", "property damage", "personal and advertising injury" or other injury arising out of a criminal act including but not limited to fraud committed by the insured or any person for whom the insured is legally responsible.

260.    The Massachusetts Bay policy provides no coverage for any "bodily injury" or "property damage" arising out of a criminal act committed by Christian Funeral or by any person for whom Christian Funeral is legally responsible.

## COUNT III

261.    Massachusetts Bay incorporates paragraphs 1 through 260 as though fully restated here.

262.    Massachusetts Bay is providing a defense to Christian Funeral Directors in the underlying actions, pursuant to a reservation of rights, which includes the rights to seek a determination that no coverage is available, to withdraw from providing a defense and to obtain reimbursement from Christian Funeral Directors for all defense costs Massachusetts Bay incurs in connection with the underlying actions.

263.    Since the Massachusetts Bay policies provide no coverage for the underlying actions, Massachusetts Bay owes no defense to Christian Funeral Directors, and Massachusetts Bay is entitled to withdraw from providing Christian Funeral Directors with a defense in the

underlying actions and to obtain reimbursement from Christian Funeral Directors of all incurred defense costs.

## **RELIEF REQUESTED**

WHEREFORE, Massachusetts Bay requests that this Court declare the rights and obligations of these parties under the insurance contracts and determine that the Massachusetts Bay policies provide no coverage for, and Massachusetts Bay owes no duty to defend or indemnify in connection with, the underlying actions; enter judgment providing that Massachusetts Bay may withdraw from providing Christian Funeral Directors with a defense in the underlying actions; enter judgment providing that Christian Funeral Directors must reimburse Massachusetts Bay for all defense costs incurred in the underlying actions; together with an award of attorney's fees, costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: s/Russell E. Reviere
RUSSELL E. REVIERE , BPR #07166
JONATHAN D. STEWART, BPR #023039
*Attorneys for Plaintiff*
209 E. Main Street
P.O. Box 1147
Jackson, TN  38302–1147
(731) 423–2414
rreviere@raineykizer.com
jstewart@raineykizer.com

40